UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REVA CLAYTON, as Personal Representative
of the Estate of VIRGIL SNEED, deceased;
and OMAR JOHNSON,

Case No. 05-60157

      Plaintiffs,

Honorable John Corbett O'Meara

v.

TROOPERS PHIL DUPLESSIS and
JONATHAN HENRY, jointly and severally,

      Defendants.
_____/

# OPINION AND ORDER
## DENYING DEFENDANTS' AUGUST 2, 2007 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' August 2, 2007 motion for summary judgment. Plaintiffs filed a response September 7, 2007; and Defendants filed a reply September 11, 2007. No oral argument was heard. LR 7.1(e)(2)(Dec. 1, 2005).

## BACKGROUND FACTS

Virgil Sneed was shot and killed by defendant Jonathan Henry, a Michigan State Police trooper, during a traffic stop on August 16, 2001, in the City of Detroit. Trooper Henry and co-defendant Trooper Phil Duplessis claim they stopped Sneed for reckless driving but that when he was pulled over to the shoulder of the expressway, Sneed attempted to flee the scene by putting the car in reverse and "speeding backward." Defendants' mot. at 2. Defendants claim that "Trooper Duplessis was knocked to the ground and being dragged under Sneed's car when Trooper Henry fired seven shots through the windshield, striking Sneed twice, and resulting in Sneed's

instantaneous death." Id. Sneed's then 15-year old son, plaintiff Omar Johnson, was in the front seat of the car when his father was shot and was then forcibly removed from the car by the officers.

Plaintiffs allege that "this shooting was the result of the personal animosity Trooper Henry held against Plaintiff's Decedent, which boiled over a several year period, . . . [a] personal vendetta [that] began when Mr. Sneed started to date Trooper Henry's former girlfriend." Plaintiffs' resp. br. at 3. Plaintiffs' witnesses have testified that Trooper Duplessis was not dragged by the decedent's car and that Duplessis was not even near decedent's car. Id.

Plaintiffs filed suit in this court, alleging a number of state law claims and one federal claim under 42 U.S.C. § 1983, for excessive use of force against both the decedent and plaintiff Johnson. The state claims were remanded to the Circuit Court for the County of Wayne on August 24, 2005. In their motion for summary judgment, Defendants claim they are entitled to qualified immunity.

## LAW AND ANALYSIS

"In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (citation omitted). In determining whether Defendants are entitled to qualified immunity, the initial inquiry is as follows: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . The relevant, dispositive inquiry in

2

determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-202.

Taken in the light most favorable to Plaintiffs, the facts suggest that the constitutional rights of decedent Sneed and plaintiff Johnson were violated. Defendants contend that a reasonable officer in their position would have believed their actions were lawful. However, Defendants' argument hinges on the court's acceptance of Defendants' version of the facts; they do not argue that they are entitled to qualified immunity under Plaintiffs' version of the facts of this case. These genuine issues of material fact make summary judgment inappropriate on Defendants' qualified immunity claim. See Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900 ("[W]here the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability.").

## ORDER

It is hereby **ORDERED** that Defendants' August 2, 2007 motion for summary judgment is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Dated: September 17, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 17, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager